Requestor: Patrick M. Malgieri, Monroe County Attorney County Office Building 39 West Main Street Rochester, New York 14614
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
Your office has asked whether the Social Services Law permits local social services officials to subpoena the employer of an applicant for or recipient of public assistance, or to subpoena employers of persons legally responsible for the support of such applicants and recipients.
In an earlier opinion to your office, we discussed the various provisions in the Social Services Law which seek to avoid the receipt of public assitance by ineligible persons (Informal Opinion No. 89-15). We noted that social services officials are authorized to declare applicants ineligible if they refuse to provide social services officials with sufficient information to determine eligibility (Social Services Law, § 134-a; Informal Opinion No. 89-15).
Other sections of the Social Services Law authorize social services officials to investigate and gather financial information concerning applicants for and recipients of public assistance. Section 144
of the Social Services Law authorizes social services officials "to administer oaths and take affidavits in all matters pertaining to their office and to elicit, by examination under oath, statement of facts from applicants for or recipients of assistance or care" (see 1932 Op Atty Gen [Inf] 419). In addition, section 144 gives officials the "power to subpoena persons liable by law for the support of applicants for or recipients of assistance and care".
In addition to the subpoena power set forth in section 144, section 143 requires "all employers of labor of any kind" to provide financial information to social services officials when asked. The employers must provide such information such as the last former address, the social security number, salary and benefits of any person who has applied for or received public assistance. The employers are also required to produce the same information with regard to persons who are financially responsible for applicants for and recipients of public assistance (Social Services Law, § 143).
Your question is whether section 143 authorizes local social services officials to subpoena the employer of an applicant for or recipient of public assistance, and the employer of a person legally responsible for their support.
In our view, there is no authority for the direct subpoenaing of employers of public assistance applicants and recipients. The authorization in section 144 is limited to the authority to subpoena persons who are legally responsible for the support of public assistance applicants and recipients. This authorization is clearly defined, and there is no basis in the statute or case law to expand it to include the authority to subpoena employers.
Furthermore, section 143, which is the only section which refers to employers of applicants and recipients, does not authorize the issuance of subpoenas by social services officials. Indeed, section 143 makes no mention of subpoenas.
We note that under certain circumstances, an employer who refuses to produce information when requested to do so by social services officials may be subject to the enforcement provisions of section 145 of the Social Services Law. That section makes punishable as a misdemeanor the deliberate concealment of material facts which aids or abets any person in receiving public asistance to which he or she is not entitled (Social Services Law, § 145[1]). Social services officials who learn of violations of section 145 are required to report the violation to the district attorney's office for appropriate action (ibid.). The district attorney would then have the authority to subpoena the employer to produce appropriate information on records (see Criminal Procedure Law, §§ 610.10, et seq.).
We conclude that social services officials do not have the authority to subpoena the employer of an applicant for or a recipient of public assistance, or the employer of persons legally responsible for the support of such an applicant or recipient.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.